UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CHAD SWANSON,                          ) CASE NO. ED CV 10-1805-DSF (PJW)
                                       )
                  Petitioner,          ) ORDER TO SHOW CAUSE WHY PETITION
                                       ) SHOULD NOT BE DISMISSED
                  v.                   )
                                       )
MICHAEL MARTEL, et al.,                )
                                       )
                  Respondents.         )
_____)

On April 19, 2010, Petitioner filed a Petition for Writ of Habeas Corpus, seeking to challenge his 2008 state court conviction for murder and subsequent 45 years-to-life sentence. (Petition at 1-2.) In the Petition, he claims that he should not have received a restitution fine at the time of sentencing. (Petition at 6.) For the following reasons, Petitioner is ordered to show cause why his Petition should not be dismissed because it is unexhausted and does not raise a cognizable claim.

As a matter of comity between state and federal courts, a federal court generally will not address the merits of a habeas corpus petition unless the petitioner has first exhausted his state remedies, i.e., sought state court review of every ground presented in the petition by presenting it to the highest state court. *Rose v. Lundy*,

455 U.S. 509, 518-22 (1982).  Indeed, the law governing habeas petitions provides that a habeas petition brought by a person in state custody *cannot be granted* "unless it appears that--(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1).  To exhaust state remedies, a petitioner must fairly present his contentions to the state courts, and the highest court of the state must dispose of them on the merits.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 844-45 (1999).  A district court may raise a failure to exhaust *sua sponte*.  *Stone v. San Francisco,* 968 F.2d 850, 856 (9th Cir. 1992.)

In his Petition, Petitioner does not allege that he has presented his claim to the California Supreme Court--or any California appellate court, for that matter.  Further, a check of the California Appellate Courts' website does not show any filings by Petitioner in the California Supreme Court.  Thus, it appears that the Petition is completely unexhausted and is subject to dismissal on that basis.  *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

The Court also notes that Petitioner's claim of an improper restitution fine is not cognizable.  A petitioner cannot challenge a restitution order in a federal habeas corpus petition because the order does not go to the validity or duration of his confinement.  *See Bailey v. Hill*, 599 F.3d 976, 978 (9th Cir. 2010); *United States v. Thiele*, 314 F.3d 399, 401 (9th Cir. 2002).

IT IS THEREFORE ORDERED that, no later than **December 10, 2010**, Petitioner shall inform the Court in writing why this case should not

2

1    be dismissed with prejudice because it is unexhausted and fails to

2    raise a cognizable claim.  Failure to timely file a response will

3    result in a recommendation that this case be dismissed.

4         DATED:    November    22    , 2010.

5

6                                    _____

7                                    PATRICK J. WALSH
                                     UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   S:\PJW\Cases-State Habeas\SWANSON, C 1805\OSC dismiss pet.wpd